UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NATIONAL ALLIANCE TO END HOMELESSNESS, *et al.*,<br>　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*,<br>　　Defendants. | C.A. No. 1:25-cv-00636-MSM-AEM |

ORDER FOR RELIEF UNDER 5 U.S.C. § 705 AND
FOR PRELIMINARY INJUNCTION

Mary S. McElroy, United States District Judge.

　　Upon consideration of the Plaintiffs' Motion for Preliminary Injunction and/or for Preliminary Relief under 5 U.S.C. § 705 (ECF No. 11), the Court concludes that Plaintiffs have established a strong likelihood of success on the merits, irreparable harm, and that the balance of equities and public interest favor the Plaintiffs. The Court made these findings based on Plaintiffs' Motions for Preliminary Relief and accompanying declarations as well as the hearing held on December 19, 2025. Therefore, for good cause shown, and for the reasons stated at that hearing, the Court GRANTS the Plaintiffs' Motion for Preliminary Relief. It is:

　　1. ORDERED that the Plaintiffs' Motion for Preliminary Relief are GRANTED; it is further

　　2. ORDERED that, to preserve the status quo ante, the Department of Housing

and Urban Development's ("HUD") rescission of the notice of funding opportunity entitled "FY 2024 and FY 2025 Continuum of Care Competition and Renewal or Replacement of Youth Homeless Demonstration Program" ("FY24-25 NOFO") is STAYED under 5 U.S.C. § 705 and PRELIMINARILY ENJOINED; it is further

3. ORDERED that the FY 2025 Continuum of Care Competition and Youth Homeless Demonstration Program Grants NOFO ("2025 NOFO") is STAYED under 5 U.S.C. § 705 and PRELIMINARILY ENJOINED; it is further

4. ORDERED that the Challenged Conditions[1] in the 2025 NOFO are STAYED under 5 U.S.C. § 705 and PRELIMINARILY ENJOINED; it is further

5. ORDERED that, pursuant to 5 U.S.C. § 705, the Court's inherent equitable authority, and the All Writs Act, 28 U.S.C. § 1651, to preserve the status quo ante, Defendants, their employees, and anyone acting in concert with them, are and until further order of this Court PRELIMINARILY ENJOINED from giving effect to any existing or forthcoming agency action to further rescind or replace the FY24-25 NOFO, including by enforcing any deadlines in any other NOFO, accepting and processing applications under any other NOFO, or giving effect to any other NOFO to award FY2025 grants for the Continuum of Care (CoC) program; it is further

6. ORDERED that Defendants must preserve the status quo ante that existed

---

[1] The Challenged Conditions as identified by Plaintiffs and listed at Appendix A of this Order.

under the FY24-25 NOFO, including by taking all steps necessary to process eligible renewals for FY 2025 CoC funding pursuant to the FY24-25 NOFO, but excluding the obligation of funding and the granting of any specific renewals; it is further

7. ORDERED that Defendants, within one business day of this Order, file a notice confirming they have informed all relevant federal officials, including Defendants and their officers, agents, servants, employees, and attorneys, of this Order; it is further

8. ORDERED that Defendants, by no later than December 30, 2025, file a report that sets forth any steps necessary to process eligible renewals for FY 2025 CoC funding under the FY2024-2025 NOFO and Defendants' expected timeline; it is further

9. ORDERED that Defendants, within fourteen days of entry of this Order, shall inform recipients of any steps they must take in order for eligible renewals to be processed, up to but not including the obligation of funding. Defendants should promptly file a notice confirming such communications were made.

10. The Court further finds that a bond is not mandatory under these circumstances and exercises its discretion not to require one at this time.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge
December 23, 2025