IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NATIONAL ALLIANCE TO END
HOMELESSNESS *et al.*,

    *Plaintiffs*,

v.

U.S. DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT *et al.*,

    *Defendants*.

Case No. 1:25-cv-636-MSM-AEM

**PLAINTIFFS' PROPOSED SUR-REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT**

On February 3, Congress enacted and the President signed the Transportation, Housing and Urban Development, and Related Agencies Appropriations Act, 2026 (THUD Appropriations Act). Pub. L. No. 119-75, div. D (2026), 140 Stat. 173. The appropriations act provides some new instructions for FY 2025 CoC funding to ensure that communities are not left with gaps in funding. In particular, Section 244 requires HUD, "prior to awarding any amounts through a notice of funding opportunity," to non-competitively renew for one year all CoC grants that are expiring or have expired in the first quarter of 2026 (*i.e.*, between January 1, 2026 and March 31, 2026). Pub. L. No. 119-75, div. D, tit. II, § 244, 140 Stat. at 422. It also requires HUD to non-competitively renew later-expiring grants "if awards have not been made under a fiscal year 2025 notice of funding opportunity prior to" set dates—April 1 for grants expiring in the second quarter and July 1 for grants expiring in the third and fourth quarters. *Id.* The upshot is that—assuming HUD complies—communities should not face further gaps in funding.

1

Contrary to Defendants' contentions, this new enactment does not undercut Plaintiffs' entitlement to summary judgment. *See* Defs.' Reply at 1, 5, 20-21, 50-51 (Dkt. No. 72). First, Defendants' extremely belated decision to rescind the FY24-25 NOFO remains unlawful both because Defendants issued the replacement after the statutory deadline to do so and because it was arbitrary and capricious. *See* Pls.' Mem. i.s.o. Mot. for S.J. (Pls.' MSJ) at 33-38 (Dkt. No. 67-1); Pls.' Reply i.s.o. Mot. for S.J. (MSJ Reply) at 4-11 (Dkt. No. 69). The appropriations act does nothing to change that. And, by providing that HUD could make awards "under a fiscal year 2025 notice of funding opportunity," Congress did not imply it was permissible for HUD to use a *new* fiscal year 2025 NOFO instead of the existing FY24-25 NOFO, for all the reasons explained in Plaintiff' opposition to Defendants' motion to dissolve the preliminary injunctions. Dkt. No. 75 at 8-9. Congress simply stayed silent on that—and left its prior enactments to govern.

Second, the appropriations act also in no way undercuts Plaintiffs' claims that the November and December NOFOs are unlawful for a host of reasons. Pls.' MSJ at 48-75; Pls' MSJ Reply at 24-48. Indeed, Defendants do not claim that it does. Instead, Defendants claim only that a provision of the appropriations act "confirm[s]" that the December NOFO's Tier 1 Allocation—one of the 29 challenged provisions—is permissible. Defs.' Reply at 20 (Dkt. No. 72). That is mistaken for the reasons Plaintiffs explain in their opposition to Defendants' motion to dissolve the preliminary injunctions. Dkt. No. 75 at 10-11.

Finally, the Court need not consider Defendants' contentions (Dkt. No. 72 at 50-51) that the appropriations act undercuts Plaintiffs' claim under 5 U.S.C. § 706(1) that Defendants unlawfully withheld and unreasonably delayed making awards under the FY24-25 NOFO—the only NOFO that, by this point, Defendants could lawfully implement. Plaintiffs do not press their

request for relief under that claim at this time, and respectfully request that the Court hold it in abeyance. The appropriations act's guarantee of non-competitive renewals—combined with relief on Plaintiffs' other claims[1]—will provide sufficient relief and ultimately moot Plaintiffs' Section 706(1) claim. As Plaintiffs' prior briefing explains, Defendants cannot lawfully make awards under any NOFO other than the FY24-25 NOFO. Pls.' MSJ at 33-38; Pls.' MSJ Reply at 4-11. That leaves Defendants with a choice: They can make awards under the FY24-25 NOFO before the dates the appropriations act specifies, or they can non-competitively renew all expiring projects. Either path is acceptable for Plaintiffs.

For all these reasons, the Court should grant summary judgment to Plaintiffs on their claims under Section 706(2) of the APA and under the Constitution and grant the relief requested in paragraphs 1 and 3-5 of their motion for summary judgment. *See* Dkt. No. 67.

---

[1] Plaintiffs still seek summary judgment granting all other relief described in their motion—including for (1) an order declaring unlawful, vacating, and setting aside (a) the rescission of the FY24-25 NOFO, (b) the November and December NOFOs, and (c) the Challenged Provisions in those NOFOs, as well as for (2) a permanent injunction barring Defendants from imposing or implementing in any manner the FY25 NOFOs' Challenged Provisions, or any substantively similar criteria or conditions, in any new NOFO for FY 2025. *See* Pls.' Mot. for S.J. ¶¶ 1, 3-5 (Dkt. No. 67).

February 23, 2026

AMY R. ROMERO
  (RI Bar No. 8262)
KEVIN LOVE HUBBARD +
  (MA Bar No. 704772)
DELUCA, WEIZENBAUM,
  BARRY & REVENS, LTD.
199 North Main Street
Providence, RI 02903
(401) 453-1500
amy@dwbrlaw.com
kevin@dwbrlaw.com
Cooperating counsel,
  Lawyers' Committee for RI

*Counsel for All Plaintiffs*

TONY LOPRESTI +
  (CA Bar No. 289269)
COUNTY COUNSEL
KAVITA NARAYAN +
  (CA Bar No. 264191)
CHIEF ASSISTANT COUNTY COUNSEL
MEREDITH A. JOHNSON +
  (CA Bar No. 291018)
LEAD DEPUTY COUNTY COUNSEL
STEFANIE WILSON +
  (CA Bar No. 314899)
DEPUTY COUNTY COUNSEL
LEILY ARZY +
  (CA Bar No. 364187)
LITIGATION FELLOW
70 West Hedding Street, East Wing
Ninth Floor
San José, CA 95110-1770
(408) 299-5900
meredith.johnson@cco.sccgov.org
stefanie.wilson@cco.sccgov.org
leily.arzy@cco.sccgov.org

*Counsel for Plaintiff County of Santa Clara*

Respectfully submitted,

/s/ Kristin Bateman
KRISTIN BATEMAN +
  (DC Bar No. 90037068)
MADELINE H. GITOMER +
  (DC Bar No. 1023447)
ALESHADYE GETACHEW +
  (DC Bar No. 1007161)
AMAN T. GEORGE +
  (DC Bar No. 1028446)
SIMON C. BREWER +
  (DC Bar No. 90042403)
CHRISTINE L. COOGLE +
  (DC Bar No. 1738913)
YENISEY RODRÍGUEZ +
  (DC Bar No. 1600574)
CARRIE Y. FLAXMAN +
  (DC Bar No. 458681)
ROBIN THURSTON +
  (DC Bar No. 1531399)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kbateman@democracyforward.org
mgitomer@democracyforward.org
agetachew@democracyforward.org
ageorge@democracyforward.org
sbrewer@democracyforward.org
ccoogle@democracyforward.org
yenisey.rodriguez@democracyforward.org
cflaxman@democracyforward.org
rthurston@democracyforward.org

*Counsel for Plaintiffs National Alliance to End Homelessness, National Low Income Housing Coalition, Crossroads RI, and Youth Pride, Inc.*

DAVID CHIU +
 (CA Bar No. 189542)
CITY ATTORNEY
YVONNE R. MERÉ +
 (CA Bar No. 173594)
CHIEF DEPUTY CITY ATTORNEY
MOLLIE M. LEE +
 (CA Bar No. 251404)
CHIEF OF STRATEGIC ADVOCACY
SARA J. EISENBERG +
 (CA Bar No. 269303)
CHIEF OF COMPLEX AND AFFIRMATIVE
 LITIGATION
RONALD H. LEE +
 (CA Bar No. 238720)
ASST. CHIEF OF COMPLEX AND
 AFFIRMATIVE LITIGATION
MICHAEL LEVIN GESUNDHEIT +
 (CA Bar No. 292930)
DEPUTY CITY ATTORNEY
Fox Plaza
1390 Market Street, 7th Floor
San Francisco, CA 94102-5402
(415) 554-4240
michael.levin@sfcityatty.org

*Counsel for Plaintiff City and County of San Francisco*

WALLACE W. DIETZ +
 (TN BPR No. 009949)
DIRECTOR OF LAW
JOHN K. WHITAKER +
 (TN BPR No. 039207)
SENIOR COUNSEL
ABBY GREER +
 (TN BPR No. 041470)
ASSISTANT METROPOLITAN ATTORNEY
109 Metropolitan Courthouse
P.O. Box 196300
Nashville, TN 37219

LYNETTE LABINGER
 (RI Bar No. 1645)
128 Dorrance Street, Box 710
Providence, RI 02903
(401) 465-9565
ll@labingerlaw.com
Cooperating counsel,
 ACLU Foundation of RI

*Counsel for Plaintiffs National Alliance to End Homelessness, National Low Income Housing Coalition, Crossroads RI, and Youth Pride, Inc.*

ANTONIA K. FASANELLI +
 (DC Bar No. 481856)
KATHRYN M. SCOTT +
 (WA Bar No. 38978)*
NATIONAL HOMELESSNESS LAW CENTER
1400 16th Street, NW, Suite 425
Washington, DC 20036
(202) 638-2535
afasanelli@homelesslaw.org
kmeyerscott@homelesslaw.org

*Counsel for Plaintiffs National Alliance to End Homelessness and National Low Income Housing Coalition*

TOBY MERRILL +
 (MA Bar No. 601071)
CASSANDRA CRAWFORD +
 (NC Bar No. 45396)
GRAHAM PROVOST +
 (DC Bar No. 1780222)
PUBLIC RIGHTS PROJECT
490 43rd Street, Unit #115
Oakland, CA 94609
(510) 738-6788
toby@publicrightsproject.org
cassandra@publicrightsproject.org
graham@publicrightsproject.org

5

(615) 862-6341
wally.dietz@nashville.gov
john.whitaker@nashville.gov
abby.greer@nashville.gov

*Counsel for Plaintiff Metropolitan Government of Nashville and Davidson County*

+ Admitted *pro hac vice*
\* Not admitted in the District of Columbia; practicing under the supervision of members of the D.C. Bar

*Counsel for Plaintiffs City of Boston, City of Cambridge, Martin Luther King, Jr. County, Metropolitan Government of Nashville and Davidson County, City of Tucson*

DAVID J. HACKETT +
(WA Bar No. 21236)
GENERAL COUNSEL, KING COUNTY DEPARTMENT OF LOCAL SERVICES
CRISTY J. CRAIG +
(WA Bar No. 27451)
SENIOR DEPUTY PROSECUTING ATTORNEY
OFFICE OF THE KING COUNTY PROSECUTING ATTORNEY
401 5th Avenue, Suite 600
Seattle, WA 98104
(206) 477-1163
david.hackett@kingcounty.gov
cristy.craig@kingcounty.gov

*Counsel for Plaintiff Martin Luther King, Jr. County*

## CERTIFICATE OF SERVICE

      I hereby certify that on February 23, 2026, I electronically filed the within document, and it is available for viewing and downloading from the Court's CM/ECF System, and that the participants in the case that are registered CM/ECF users will be served electronically by the CM/ECF system.

                                          /s/ *Kristin Bateman*
                                          Kristin Bateman