IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NATIONAL ALLIANCE TO END
HOMELESSNESS *et al.*,

    *Plaintiffs*,

v.

U.S. DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT *et al.*,

    *Defendants*.

Case No. 1:25-cv-636-MSM-AEM

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' EMERGENCY MOTION FOR A STAY OF THE PRELIMINARY INJUNCTIONS PENDING APPEAL**

To obtain a stay pending appeal, an applicant must make "a strong showing" that (1) its appeal will "likely … succeed on the merits"; (2) it "will be irreparably injured absent a stay"; (3) "issuance of the stay will [not] substantially injure the other parties"; and (4) the stay would be in "the public interest." *Does 1-3 v. Mills*, 39 F.4th 20, 24 (1st Cir. 2022) (quotations omitted). Defendants do not meet a single factor, let alone all of them.

**I.  Defendants are not likely to succeed on appeal**

The Court appropriately declined to dissolve the order granting preliminary relief, and Defendants are not likely to succeed on appeal. Defendants argue that passage of the Transportation, Housing and Urban Development, and Related Agencies Appropriations Act, 2026 (THUD Appropriations Act) warrants lifting the preliminary relief—but they are wrong for at least three reasons.

***First***, contrary to Defendants' contention (at 4), the THUD Appropriations Act did not "confirm[] that HUD has the flexibility … to issue a new 2025 NOFO." By providing that HUD

could make awards "under a fiscal year 2025 notice of funding opportunity," Congress did not imply that it was permissible for HUD to use a *new* fiscal year 2025 NOFO, as opposed to the two-year NOFO covering both fiscal years 2024 and 2025. Rather, as Plaintiffs explained in opposing the motion to dissolve, the THUD Appropriations Act does not speak to *what* "fiscal year 2025 [NOFO]" HUD could use. Pls.' Opp. to Mot. to Dissolve at 8-9 (Dkt. No. 75). On that, Congress left its preexisting laws in place—including 42 U.S.C. § 11382(b)'s deadline for issuing a new FY 2025 NOFO that came and went last June and the APA's requirement of reasoned decisionmaking—and left it open for the Court to decide what NOFO HUD could lawfully use under those laws. The Act provides no reason to revisit the Court's earlier conclusion that it was likely unlawful for HUD to rescind the FY24-25 NOFO so late and to use a new NOFO for FY 2025 instead. Defendants do not respond to this point. And Defendants relatedly miss the mark in claiming (at 4) that the preliminary injunction improperly "forbids HUD from giving effect to any 2025 NOFO." The two-year NOFO covering FY 2024 and FY 2025 *is* an FY 2025 NOFO, and the Court's order permits HUD to make awards under that.

***Second***, Defendants also miss that preliminary relief is warranted for the independent reason that, even apart from its too-late issuance, the December NOFO that Defendants seek to use is unlawful for a host of reasons—and the THUD Appropriations Act does nothing to override that NOFO's unlawfulness. Defendants protest (at 4) that the Court has not "adjudicated any challenge to the merits of the December 2025 NOFO." But the December NOFO closely resembles the November NOFO, and the Court rightly concluded that the provisions of that NOFO were unlawful. *See* Appendix, FY25 NOFOs: Challenged Conditions (Dkt. No. 67-2) (comparing November and December NOFO provisions). The December NOFO is unlawful for largely the same reasons, including that it "conflicts with the statutory mandates of the

McKinney Vento Act, including Congress's prioritization of permanent housing and renewal stability," and impermissibly adopts "sweeping" new criteria "without required notice and comment." Transcript of Dec. 19, 2025 Hearing on Motions for Preliminary Injunctions at 69 (Dkt. No. 55). For instance, the December NOFO's provisions defunding existing permanent housing (including the cap on permanent housing renewals and the earmark for new projects) (1) are not authorized by statute, (2) conflict with 42 U.S.C. § 11386c(b)'s mandate that the appropriated funds "shall be available for the renewal" of permanent housing projects, (3) conflict with that same provision's requirement that HUD "determine whether to renew" permanent housing projects based on two specified factors only, and (4) impermissibly provide incentives for unproven strategies, contrary to § 11386b(d)'s command to incentivize permanent housing strategies that Congress determined had proven effective. *See* Pls.' MSJ at 49-50, 51-52 (Dkt. No. 67-1); Pls.' MSJ Reply at 24-25, 26-28 (Dkt. No. 69). And it was just as unlawful to adopt those provisions without notice and comment as it was to adopt the November NOFO's corresponding provisions. Pls.' MSJ at 71; Pls.' MSJ Reply at 44-46.

*Third*, Defendants err in contending (at 7-8) that the THUD Appropriations Act changes the equities such that preliminary relief is no longer warranted. The Court rightly rejected this argument, including because Plaintiffs undeniably face irreparable harm from the "upheaval" that would result from Defendants' attempts to "vastly overhaul the funding selection criteria on an accelerated basis." Order (Feb. 27. 2026). That upheaval would result in established projects abruptly losing funding, forcing programs to shut down, undermining Plaintiffs' missions, and eroding the hard-earned trust Plaintiffs have built among critical service partners and the vulnerable communities they serve. *See* Pls.' Opp. to Mot. to Dissolve at 11-14. Defendants object (at 7) that this "improperly assumes success on the merits" of Plaintiffs' arguments, but it

3

is unclear what they mean. In any event, the Court has determined, not just assumed, that Plaintiffs are likely to succeed on the merits, Order at 1 (Dkt. No. 52)—and Defendants do not dispute that the overhaul they seek to implement would result in irreparable harm.

Plaintiffs also would face immediate irreparable harm from even having to undergo the massively time-intensive and disruptive application process. *See* Pls.' Opp. to Mot. to Dissolve at 14-18. Defendants likewise do not dispute that harm, arguing only that it is "outweighed" by the harm to Defendants. Defs.' Mot. at 8. But losing the chance to award this year's funds under Defendants' preferred NOFO does not cause Defendants *any* cognizable harm because that NOFO is unlawful and "[a]n agency is not harmed by an order prohibiting it from violating the law." *New York v. Trump*, 769 F. Supp. 3d 119, 146 (D.R.I. 2025), *appeal pending*, No. 25-1236.

## II.  Defendants do not face irreparable harm absent a stay

Defendants also cannot show that they "will be irreparably injured absent a stay." *See Does 1-3*, 39 F.4th at 24 (quotations omitted). Again, they face no harm from "an order prohibiting [them] from violating the law." *See New York v. Trump*, 769 F. Supp. 3d at 146. Moreover, even if not being able to make awards under their (unlawful) preferred NOFO did constitute cognizable harm, Defendants have failed to meet their "burden of demonstrating that [they] *will*" face that harm "absent a stay." *See Rhode Island State Council of Churches v. Rollins*, 158 F.4th 304, 316 (1st Cir. 2025) (cleaned up) (emphasis in original). For all the reasons Plaintiffs explained in detail, Defendants cannot at this point realistically make awards under their preferred NOFO even if the preliminary relief were stayed. *See* Pls.' Opp. to Mot. to Dissolve at 19-21; Third Supplemental Declaration of Ann Marie Oliva (NAEH) ¶¶ 45-47, 50-52 (Dkt. No. 75-1). Defendants completely ignore those arguments and instead just refer back to their declarant's statement that HUD could "have a chance" of making awards before July 1 if the preliminary relief were stayed. *See* Defs.' Mot. at 8, citing Declaration of Caitlyn J.

McKenney ¶ 5 (Dkt. No. 74-3). Besides being implausible, that is just the sort of "speculative and conclusory statement" that cannot suffice to "demonstrat[e] that [Defendants] *will* be irreparably injured absent a stay." *See New York v. Trump*, 133 F.4th 51, 72 (1st Cir. 2025) (cleaned up) (emphasis in original); *cf. also Arpaio v. Obama*, 27 F. Supp. 3d 185, 207 (D.D.C. 2014) (explaining that party's "inability to obtain redress from an order … dooms the [party's] ability to show irreparable harm").

### III. The equities do not support a stay

The equities also do not support a stay for the same reasons that the equities support keeping the preliminary relief in place. Plaintiffs, and the communities they serve, face serious irreparable harm from the upheaval of the CoC program that the December NOFO would cause and from the tremendous drain of resources they would suffer just from applying to the December NOFO. Meanwhile, Defendants lose nothing more than the "chance" to carry out an unlawful plan. And at the end of the day, leaving the preliminary relief in place will result in all expiring grants being renewed for another year pursuant to the THUD Appropriations Act. Consolidated Appropriations Act, 2026, Pub. L. No. 119-75, div. D, tit. II, § 244, 140 Stat. 173, 422 (2026). Neither Defendants nor the public interest suffer harm from that outcome that Congress has undeniably approved.

<div style="text-align:center">*    *    *</div>

The Court should deny Defendants' emergency motion for a stay pending appeal.

March 5, 2026                                     Respectfully submitted,

AMY R. ROMERO                                     /s/ Kristin Bateman
  (RI Bar No. 8262)                               KRISTIN BATEMAN +
KEVIN LOVE HUBBARD +                                (DC Bar No. 90037068)
  (MA Bar No. 704772)

DELUCA, WEIZENBAUM,
 BARRY & REVENS, LTD.
199 North Main Street
Providence, RI 02903
(401) 453-1500
amy@dwbrlaw.com
kevin@dwbrlaw.com
Cooperating counsel,
 Lawyers' Committee for RI

*Counsel for All Plaintiffs*

TONY LOPRESTI +
  (CA Bar No. 289269)
COUNTY COUNSEL
KAVITA NARAYAN +
  (CA Bar No. 264191)
CHIEF ASSISTANT COUNTY COUNSEL
MEREDITH A. JOHNSON +
  (CA Bar No. 291018)
LEAD DEPUTY COUNTY COUNSEL
STEFANIE WILSON +
  (CA Bar No. 314899)
DEPUTY COUNTY COUNSEL
LEILY ARZY +
  (CA Bar No. 364187)
LITIGATION FELLOW
70 West Hedding Street, East Wing
Ninth Floor
San José, CA 95110-1770
(408) 299-5900
meredith.johnson@cco.sccgov.org
stefanie.wilson@cco.sccgov.org
leily.arzy@cco.sccgov.org

*Counsel for Plaintiff County of Santa Clara*

DAVID CHIU +
 (CA Bar No. 189542)
CITY ATTORNEY
YVONNE R. MERÉ +
 (CA Bar No. 173594)
CHIEF DEPUTY CITY ATTORNEY

MADELINE H. GITOMER +
 (DC Bar No. 1023447)
ALESHADYE GETACHEW +
 (DC Bar No. 1007161)
AMAN T. GEORGE +
 (DC Bar No. 1028446)
SIMON C. BREWER +
 (DC Bar No. 90042403)
CHRISTINE L. COOGLE +
 (DC Bar No. 1738913)
YENISEY RODRÍGUEZ +
 (DC Bar No. 1600574)
CARRIE Y. FLAXMAN +
 (DC Bar No. 458681)
ROBIN THURSTON +
 (DC Bar No. 1531399)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kbateman@democracyforward.org
mgitomer@democracyforward.org
agetachew@democracyforward.org
ageorge@democracyforward.org
sbrewer@democracyforward.org
ccoogle@democracyforward.org
yenisey.rodriguez@democracyforward.org
cflaxman@democracyforward.org
rthurston@democracyforward.org

*Counsel for Plaintiffs National Alliance to End Homelessness, National Low Income Housing Coalition, Crossroads RI, and Youth Pride, Inc.*

LYNETTE LABINGER
 (RI Bar No. 1645)
128 Dorrance Street, Box 710
Providence, RI 02903
(401) 465-9565
ll@labingerlaw.com

6

MOLLIE M. LEE +
 (CA Bar No. 251404)
CHIEF OF STRATEGIC ADVOCACY
SARA J. EISENBERG +
 (CA Bar No. 269303)
CHIEF OF COMPLEX AND AFFIRMATIVE
 LITIGATION
RONALD H. LEE +
 (CA Bar No. 238720)
ASST. CHIEF OF COMPLEX AND
 AFFIRMATIVE LITIGATION
MICHAEL LEVIN GESUNDHEIT +
 (CA Bar No. 292930)
DEPUTY CITY ATTORNEY
Fox Plaza
1390 Market Street, 7th Floor
San Francisco, CA 94102-5402
(415) 554-4240
michael.levin@sfcityatty.org

*Counsel for Plaintiff City and County of San Francisco*

WALLACE W. DIETZ +
 (TN BPR No. 009949)
DIRECTOR OF LAW
JOHN K. WHITAKER +
 (TN BPR No. 039207)
SENIOR COUNSEL
ABBY GREER +
 (TN BPR No. 041470)
ASSISTANT METROPOLITAN ATTORNEY
109 Metropolitan Courthouse
P.O. Box 196300
Nashville, TN 37219
(615) 862-6341
wally.dietz@nashville.gov
john.whitaker@nashville.gov
abby.greer@nashville.gov

Cooperating counsel,
 ACLU Foundation of RI

*Counsel for Plaintiffs National Alliance to End Homelessness, National Low Income Housing Coalition, Crossroads RI, and Youth Pride, Inc.*

ANTONIA K. FASANELLI +
 (DC Bar No. 481856)
KATHRYN M. SCOTT +
 (WA Bar No. 38978)*
NATIONAL HOMELESSNESS LAW CENTER
1400 16th Street, NW, Suite 425
Washington, DC 20036
(202) 638-2535
afasanelli@homelesslaw.org
kmeyerscott@homelesslaw.org

*Counsel for Plaintiffs National Alliance to End Homelessness and National Low Income Housing Coalition*

TOBY MERRILL +
 (MA Bar No. 601071)
CASSANDRA CRAWFORD +
 (NC Bar No. 45396)
GRAHAM PROVOST +
 (DC Bar No. 1780222)
PUBLIC RIGHTS PROJECT
490 43rd Street, Unit #115
Oakland, CA 94609
(510) 738-6788
toby@publicrightsproject.org
cassandra@publicrightsproject.org
graham@publicrightsproject.org

*Counsel for Plaintiffs City of Boston, City of Cambridge, Martin Luther King, Jr. County, Metropolitan Government of Nashville and Davidson County, City of Tucson*

7

<div style="display: flex;">

*Counsel for Plaintiff Metropolitan Government of Nashville and Davidson County*

+ Admitted *pro hac vice*
* Not admitted in the District of Columbia; practicing under the supervision of members of the D.C. Bar

DAVID J. HACKETT +
 (WA Bar No. 21236)
GENERAL COUNSEL, KING COUNTY DEPARTMENT OF LOCAL SERVICES
CHRISTOPHER M. SANDERS +
 (WA Bar No. 47518)
GENERAL COUNSEL TO THE KING COUNTY EXECUTIVE
CRISTY J. CRAIG +
 (WA Bar No. 27451)
SENIOR DEPUTY PROSECUTING ATTORNEY
OFFICE OF THE KING COUNTY PROSECUTING ATTORNEY
401 5th Avenue, Suite 600
Seattle, WA 98104
(206) 477-1163
david.hackett@kingcounty.gov
chrsanders@kingcounty.gov
cristy.craig@kingcounty.gov

*Counsel for Plaintiff Martin Luther King, Jr. County*

</div>

8

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 5, 2026, I electronically filed the within document, and it is available for viewing and downloading from the Court's CM/ECF System, and that the participants in the case that are registered CM/ECF users will be served electronically by the CM/ECF system.

                                                        /s/ *Kristin Bateman*
                                                        Kristin Bateman