**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

|  |  |
|---|---|
| NATIONAL ALLIANCE TO END HOMELESSNESS *et al.*, <br><br>      *Plaintiffs*, <br><br> v. <br><br><br> U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT *et al.*, <br><br><br>      *Defendants*. | Case No. 1:25-cv-636-MSM-AEM |

**NOTICE AND REQUEST FOR STATUS CONFERENCE**

Plaintiffs respectfully request a status conference with the Court regarding Defendants' ongoing delays in noncompetitively renewing expired and expiring CoC grants, as required by the Transportation, Housing and Urban Development, and Related Agencies Appropriations Act (THUD Appropriations Act) enacted on February 3, 2026. Plaintiffs have attempted to resolve the matter without the Court's involvement, but those efforts have not been fruitful. In addition, HUD's explanations for its delay have suggested that HUD has not faithfully complied with the Court's December 23 order granting preliminary relief (Dkt. No. 52). Plaintiffs respectfully request a status conference to discuss a path forward for addressing these issues, including a plan for supplementing the complaint and seeking expedited relief.

As brief background, as the parties previously informed the Court, on February 3, Congress passed the THUD Appropriations Act, which included a provision designed to ensure continuity in funding for the CoC program. Under that law, HUD must noncompetitively renew

existing projects with awards expiring in the first quarter of 2026. The law also requires HUD to renew grants expiring later this year if HUD has not made awards under a NOFO by set dates— April 1 for grants expiring in the second quarter and July 1 for grants expiring in the third and fourth quarters. As a result of this law, HUD is now required to noncompetitively renew existing grants that expire in the first and second quarters of this year. For the third and fourth quarters, HUD has acknowledged that the only practicable options are either (1) to noncompetitively renew all expiring grants pursuant to the Appropriations Act or (2) to make awards under the FY24-25 NOFO. HUD has informed Plaintiffs that they plan to take the first option and noncompetitively renew all expiring grants.

Yet, despite this law being enacted over 2.5 months ago, HUD still has not finalized a single renewal award, and projects are still unable to access their critically needed grant funds. For a project to be able to draw down funds, HUD must issue a final grant agreement. To date, HUD has not issued a single grant agreement.

To the limited extent that HUD has taken *any* steps toward issuing final grant agreements, HUD appears to have slow-walked them. For instance, HUD notified Congress of the intended first-quarter renewals on March 25 and publicly announced them on March 31—56 days after the THUD Appropriations Act was passed. For context, the last time Congress mandated noncompetitive renewals, HUD announced the full year's worth within just 33 days—even though that involved more than 10 times the number of grants that HUD announced here.

HUD is similarly delaying renewal awards for projects expiring in quarters 2-4. Many awards have already expired, and those projects are already struggling through funding gaps. Without prompt action now, projects with grants expiring in the remainder of the year will face funding gaps as well.

Plaintiffs have consistently pressed HUD for an explanation for their delay, and HUD has provided no satisfactory response. In fact, HUD's response has raised concerns that HUD has not faithfully complied with the Court's December 23 order granting preliminary relief (Dkt. No. 52). In particular, HUD has attempted to justify its delay by claiming that it must conduct "threshold financial-management and risk assessments" before renewing awards and does not know when those reviews will be complete. But, pursuant to the December 23 order, that step should already be complete for the vast majority of awards. The Court's order required HUD to "tak[e] all steps necessary to process eligible renewals for FY 2025 CoC funding pursuant to the FY24-25 NOFO," short of actually making awards. Dkt. No. 52 at 2-3. In its court-mandated implementation plan, HUD explained that this would entail "conducting threshold reviews and risk reviews for … renewals" and that it anticipated this process would be complete by March 31. Dkt. No. 62-1 at 1. A significant majority of the renewals now mandated under the THUD Appropriations Act are the same renewals that HUD should have already processed under the Court's order. HUD either did not take all steps necessary to process eligible renewals as described in their implementation plan or is using the supposed need to conduct "assessments" as a pretext for delaying awards.

Plaintiffs respectfully request a status conference to discuss with the Court and Defendants a path forward for ensuring that FY 2025 awards are made expeditiously, consistent with Congress's command, so that communities do not continue to suffer harm from the continued delays in funding.

April 22, 2026                                      Respectfully submitted,

AMY R. ROMERO                                /s/ Kristin Bateman
 (RI Bar No. 8262)                              KRISTIN BATEMAN +
KEVIN LOVE HUBBARD +                    (DC Bar No. 90037068)
 (MA Bar No. 704772)

3

DELUCA, WEIZENBAUM,
 BARRY & REVENS, LTD.
199 North Main Street
Providence, RI 02903
(401) 453-1500
amy@dwbrlaw.com
kevin@dwbrlaw.com
Cooperating counsel,
 Lawyers' Committee for RI

*Counsel for All Plaintiffs*

TONY LOPRESTI +
  (CA Bar No. 289269)
COUNTY COUNSEL
KAVITA NARAYAN +
  (CA Bar No. 264191)
CHIEF ASSISTANT COUNTY COUNSEL
MEREDITH A. JOHNSON +
  (CA Bar No. 291018)
LEAD DEPUTY COUNTY COUNSEL
STEFANIE WILSON +
  (CA Bar No. 314899)
DEPUTY COUNTY COUNSEL
LEILY ARZY +
  (CA Bar No. 364187)
LITIGATION FELLOW
70 West Hedding Street, East Wing
Ninth Floor
San José, CA 95110-1770
(408) 299-5900
meredith.johnson@cco.sccgov.org
stefanie.wilson@cco.sccgov.org
leily.arzy@cco.sccgov.org

*Counsel for Plaintiff County of Santa Clara*

DAVID CHIU +
 (CA Bar No. 189542)
CITY ATTORNEY
YVONNE R. MERÉ +
 (CA Bar No. 173594)
CHIEF DEPUTY CITY ATTORNEY
MOLLIE M. LEE +
 (CA Bar No. 251404)
CHIEF OF STRATEGIC ADVOCACY

MADELINE H. GITOMER +
 (DC Bar No. 1023447)
ALESHADYE GETACHEW +
 (DC Bar No. 1007161)
AMAN T. GEORGE +
 (DC Bar No. 1028446)
SIMON C. BREWER +
 (DC Bar No. 90042403)
CHRISTINE L. COOGLE +
 (DC Bar No. 1738913)
YENISEY RODRÍGUEZ +
 (DC Bar No. 1600574)
CARRIE Y. FLAXMAN +
 (DC Bar No. 458681)
ROBIN THURSTON +
 (DC Bar No. 1531399)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kbateman@democracyforward.org
mgitomer@democracyforward.org
agetachew@democracyforward.org
ageorge@democracyforward.org
sbrewer@democracyforward.org
ccoogle@democracyforward.org
yenisey.rodriguez@democracyforward.org
cflaxman@democracyforward.org
rthurston@democracyforward.org

*Counsel for Plaintiffs National Alliance to End Homelessness, National Low Income Housing Coalition, Crossroads RI, and Youth Pride, Inc.*

LYNETTE LABINGER
 (RI Bar No. 1645)
128 Dorrance Street, Box 710
Providence, RI 02903
(401) 465-9565
ll@labingerlaw.com
Cooperating counsel,
 ACLU Foundation of RI

*Counsel for Plaintiffs National Alliance to End Homelessness, National Low Income Housing Coalition, Crossroads RI, and Youth Pride, Inc.*

4

SARA J. EISENBERG +
 (CA Bar No. 269303)
CHIEF OF COMPLEX AND AFFIRMATIVE
 LITIGATION
RONALD H. LEE +
 (CA Bar No. 238720)
ASST. CHIEF OF COMPLEX AND
 AFFIRMATIVE LITIGATION
MICHAEL LEVIN GESUNDHEIT +
 (CA Bar No. 292930)
DEPUTY CITY ATTORNEY
Fox Plaza
1390 Market Street, 7th Floor
San Francisco, CA 94102-5402
(415) 554-4240
michael.levin@sfcityatty.org

*Counsel for Plaintiff City and County
of San Francisco*

WALLACE W. DIETZ +
 (TN BPR No. 009949)
DIRECTOR OF LAW
JOHN K. WHITAKER +
 (TN BPR No. 039207)
SENIOR COUNSEL
ABBY GREER +
 (TN BPR No. 041470)
ASSISTANT METROPOLITAN ATTORNEY
109 Metropolitan Courthouse
P.O. Box 196300
Nashville, TN 37219
(615) 862-6341
wally.dietz@nashville.gov
john.whitaker@nashville.gov
abby.greer@nashville.gov

*Counsel for Plaintiff Metropolitan
Government of Nashville and Davidson
County*

ANTONIA K. FASANELLI +
 (DC Bar No. 481856)
KATHRYN M. SCOTT +
 (WA Bar No. 38978)*
NATIONAL HOMELESSNESS LAW CENTER
1400 16th Street, NW, Suite 425
Washington, DC 20036
(202) 638-2535
afasanelli@homelesslaw.org
kmeyerscott@homelesslaw.org

*Counsel for Plaintiffs National Alliance to
End Homelessness and National Low Income
Housing Coalition*

TOBY MERRILL +
 (MA Bar No. 601071)
CASSANDRA CRAWFORD +
 (NC Bar No. 45396)
GRAHAM PROVOST +
 (DC Bar No. 1780222)
KAYLA SVIHOVEC +
 (DC Bar No. 1735588)
PUBLIC RIGHTS PROJECT
490 43rd Street, Unit #115
Oakland, CA 94609
(510) 738-6788
toby@publicrightsproject.org
cassandra@publicrightsproject.org
graham@publicrightsproject.org
kayla.svihovec@publicrightsproject.org

*Counsel for Plaintiffs City of Boston, City of
Cambridge, Martin Luther King, Jr. County,
Metropolitan Government of Nashville and
Davidson County, City of Tucson*

DAVID J. HACKETT +
 (WA Bar No. 21236)
GENERAL COUNSEL, KING COUNTY
DEPARTMENT OF LOCAL SERVICES
CHRISTOPHER M. SANDERS +
 (WA Bar No. 47518)
GENERAL COUNSEL TO THE KING COUNTY
EXECUTIVE
CRISTY J. CRAIG +
 (WA Bar No. 27451)

5

SENIOR DEPUTY PROSECUTING ATTORNEY
OFFICE OF THE KING COUNTY PROSECUTING ATTORNEY

+ Admitted *pro hac vice*
\* Not admitted in the District of Columbia; practicing under the supervision of members of the D.C. Bar

401 5th Avenue, Suite 600
Seattle, WA 98104
(206) 477-1163
david.hackett@kingcounty.gov
chrsanders@kingcounty.gov
cristy.craig@kingcounty.gov

*Counsel for Plaintiff Martin Luther King, Jr. County*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2026, I electronically filed the within document, and it is available for viewing and downloading from the Court's CM/ECF System, and that the participants in the case that are registered CM/ECF users will be served electronically by the CM/ECF system.

/s/ *Kristin Bateman*
Kristin Bateman