**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

NATIONAL ALLIANCE TO END
HOMELESSNESS, *et al.*,

        *Plaintiffs,*

*v.*

UNITED STATES DEPARTMENT OF
HOUSING AND URBAN
DEVELOPMENT, *et al.*,

        *Defendants*.

Case No. 25-cv-636-MSM-AEM

**NOTICE REGARDING PLAINTIFFS' PENDING MOTION FOR SUMMARY
JUDGMENT**

Per the Court's April 27 Order, Plaintiffs respectfully submit this notice to update the

Court on its pending motion for summary judgment on their First Amended Complaint.

**1. Counts 1-3.** Plaintiffs do not currently seek a ruling on counts 1-3 of their First

Amended Complaint and request that the Court hold their request for relief on those claims in

abeyance.

Those counts challenge HUD's failure to use the FY24-25 NOFO to award FY 2025

funding. In particular, counts 1-2 challenge the rescission and replacement of the FY24-25

NOFO, and count 3 challenges HUD's unlawful withholding and unreasonable delay of awards

under the FY24-25 NOFO. Those claims will likely become (but are not yet) moot in light of the

Transportation, Housing and Urban Development, and Related Agencies (THUD)

Appropriations Act. Under that Act, instead of awarding FY 2025 funds under a NOFO, HUD

must now noncompetitively renew all awards expiring in the first and second quarters of 2026,

and HUD has stated it will noncompetitively renew all awards expiring in the third and fourth

quarters of 2026 pursuant to the THUD Appropriations Act as well. Pub. L. No. 119-75, div. D,

tit. II, § 244 (2026), 140 Stat. 173, 422; *see also* Dkt. No. 85 at 1-2. As a result, counts 1-3 will

1

likely become moot once HUD makes the non-competitive renewals as the THUD Appropriations Act requires.[1] Given that likelihood, Plaintiffs respectfully request that the Court hold the motion for summary judgment on counts 1-3 in abeyance pending HUD's compliance with its obligations under the THUD Appropriations Act. Plaintiffs can update the Court on the status of those claims after HUD has made the noncompetitive renewals that the THUD Appropriations Act requires.

       **2. Counts 4-5, 7-11.** Plaintiffs continue to seek summary judgment on counts 4-5 and 7-11 of the First Amended Complaint—which challenge the terms of the FY25 November and December NOFOs (*i.e.*, the "Challenged Provisions"[2]) under the Administrative Procedure Act and the Constitution—and, in particular, seek a permanent injunction barring Defendants from reimposing the Challenged Provisions in any future NOFO. These claims remain live because "the Government nowhere suggests that … it will not reimpose" the Challenged Provisions in the future. *West Virginia v. EPA*, 597 U.S. 697, 720 (2022) (quotation marks omitted). The fact that, absent relief, HUD could reimpose those Challenged Provisions is particularly salient given that HUD must issue a NOFO for FY 2026 funding by June 1, 2026. Pub. L. No. 119-75, div. D, tit. II, 140 Stat. at 400.

       Plaintiffs also respectfully update their requested relief on those claims to seek a permanent injunction barring Defendants from imposing the Challenged Provisions in any future NOFO, including the NOFO for FY 2026 funds. Although Plaintiffs previously sought a

---

[1] It is possible—but not likely—that these claims could remain live even after HUD makes the required noncompetitive renewals under the THUD Appropriations Act. Under that Act, HUD may competitively award any funds "remaining after all such renewals are made" pursuant to a NOFO. Pub. L. No. 119-75, div. D, tit. II, § 244, 140 Stat. at 423. Based on the information currently available to Plaintiffs, it does not appear likely that there will be any funds remaining after HUD makes all the renewals required under the THUD Appropriations Act—but whether funds will remain is not yet known. Plaintiffs therefore respectfully request that the Court hold the request for summary judgment on counts 1-3 in abeyance at this juncture.

[2] The Challenged Provisions are listed in the Appendix filed with Plaintiffs' Motion for Summary Judgment (Dkt No. 67-2). Counts 4-5 and 7-11 cover all Challenged Provisions other than the Tier 1 Allocation.

permanent injunction only with respect to FY 2025 funding, it now respectfully amends its request to cover future years (including FY 2026) as well. This change does not affect the substance of Plaintiffs' arguments. And Defendants face no prejudice from this amendment to Plaintiffs' requested relief, as the states in the parallel case already sought this relief and Defendants thus already had an opportunity to mount any relevant defenses. *See State of Washington, et al. v. HUD*, No. 1:25-cv-626 (D.R.I.), Mot. for S.J. at 69-74 (Dkt. No. 81).

**3. <u>Count 6.</u>** Plaintiffs do not currently seek a ruling on count 6 of their First Amended Complaint—which challenges the FY25 NOFOs' Challenged Provisions as arbitrary and capricious—and request that the Court hold their request for relief on that claim in abeyance. The appropriate relief for this arbitrary-and-capricious claim would be to vacate the FY25 NOFOs. But Plaintiffs do not currently need such relief because, given the THUD Appropriations Act's mandate for noncompetitive renewals, HUD will not attempt to use the FY25 NOFOs to award funding, at least not unless there are leftover funds remaining after the noncompetitive renewals are made.[3]

**4. <u>Potential supplemental claim.</u>** The Status Report that Defendants filed yesterday does not resolve Plaintiffs' concerns about HUD's ongoing delays in renewing projects as required by the THUD Appropriations Act. Plaintiffs reserve the right to file a new complaint or to seek leave to supplement their operative complaint in this case to address HUD's unreasonable delays.

---

[3] The arbitrary-and-capricious claim is different from the other claims challenging the FY25 NOFOs' Challenged Provisions (claims 4-5 and 7-11) because the proper remedy for the other claims includes a permanent injunction barring HUD from reimposing the same unlawful conditions in a new NOFO, including the upcoming FY 2026 NOFO.

May 5, 2026

AMY R. ROMERO
  (RI Bar No. 8262)
KEVIN LOVE HUBBARD +
  (MA Bar No. 704772)
DELUCA, WEIZENBAUM,
  BARRY & REVENS, LTD.
199 North Main Street
Providence, RI 02903
(401) 453-1500
amy@dwbrlaw.com
kevin@dwbrlaw.com
Cooperating counsel,
  Lawyers' Committee for RI

*Counsel for All Plaintiffs*

TONY LOPRESTI +
  (CA Bar No. 289269)
COUNTY COUNSEL
KAVITA NARAYAN +
  (CA Bar No. 264191)
CHIEF ASSISTANT COUNTY COUNSEL
MEREDITH A. JOHNSON +
  (CA Bar No. 291018)
LEAD DEPUTY COUNTY COUNSEL
STEFANIE WILSON +
  (CA Bar No. 314899)
DEPUTY COUNTY COUNSEL
LEILY ARZY +
  (CA Bar No. 364187)
LITIGATION FELLOW
70 West Hedding Street, East Wing
Ninth Floor
San José, CA 95110-1770
(408) 299-5900
meredith.johnson@cco.sccgov.org
stefanie.wilson@cco.sccgov.org
leily.arzy@cco.sccgov.org

Respectfully submitted,

/s/ Kristin Bateman
KRISTIN BATEMAN +
  (DC Bar No. 90037068)
MADELINE H. GITOMER +
  (DC Bar No. 1023447)
ALESHADYE GETACHEW +
  (DC Bar No. 1007161)
AMAN T. GEORGE +
  (DC Bar No. 1028446)
SIMON C. BREWER +
  (DC Bar No. 90042403)
CHRISTINE L. COOGLE +
  (DC Bar No. 1738913)
YENISEY RODRÍGUEZ +
  (DC Bar No. 1600574)
CARRIE Y. FLAXMAN +
  (DC Bar No. 458681)
ROBIN THURSTON +
  (DC Bar No. 1531399)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kbateman@democracyforward.org
mgitomer@democracyforward.org
agetachew@democracyforward.org
ageorge@democracyforward.org
sbrewer@democracyforward.org
ccoogle@democracyforward.org
yenisey.rodriguez@democracyforward.org
cflaxman@democracyforward.org
rthurston@democracyforward.org

*Counsel for Plaintiffs National Alliance to End Homelessness, National Low Income Housing Coalition, Crossroads RI, and Youth Pride, Inc.*

*Counsel for Plaintiff County of Santa Clara*

DAVID CHIU +
 (CA Bar No. 189542)
CITY ATTORNEY
YVONNE R. MERÉ +
 (CA Bar No. 173594)
CHIEF DEPUTY CITY ATTORNEY
MOLLIE M. LEE +
 (CA Bar No. 251404)
CHIEF OF STRATEGIC ADVOCACY
SARA J. EISENBERG +
 (CA Bar No. 269303)
CHIEF OF COMPLEX AND AFFIRMATIVE
 LITIGATION
RONALD H. LEE +
 (CA Bar No. 238720)
ASST. CHIEF OF COMPLEX AND
 AFFIRMATIVE LITIGATION
MICHAEL LEVIN GESUNDHEIT +
 (CA Bar No. 292930)
DEPUTY CITY ATTORNEY
Fox Plaza
1390 Market Street, 7th Floor
San Francisco, CA 94102-5402
(415) 554-4240
michael.levin@sfcityatty.org

*Counsel for Plaintiff City and County of San Francisco*

WALLACE W. DIETZ +
 (TN BPR No. 009949)
DIRECTOR OF LAW
JOHN K. WHITAKER +
 (TN BPR No. 039207)
SENIOR COUNSEL
ABBY GREER +
 (TN BPR No. 041470)
ASSISTANT METROPOLITAN ATTORNEY

LYNETTE LABINGER
 (RI Bar No. 1645)
128 Dorrance Street, Box 710
Providence, RI 02903
(401) 465-9565
ll@labingerlaw.com
Cooperating counsel,
 ACLU Foundation of RI

*Counsel for Plaintiffs National Alliance to End Homelessness, National Low Income Housing Coalition, Crossroads RI, and Youth Pride, Inc.*

ANTONIA K. FASANELLI +
 (DC Bar No. 481856)
KATHRYN M. SCOTT +
 (WA Bar No. 38978)*
NATIONAL HOMELESSNESS LAW CENTER
1400 16th Street, NW, Suite 425
Washington, DC 20036
(202) 638-2535
afasanelli@homelesslaw.org
kmeyerscott@homelesslaw.org

*Counsel for Plaintiffs National Alliance to End Homelessness and National Low Income Housing Coalition*

TOBY MERRILL +
 (MA Bar No. 601071)
CASSANDRA CRAWFORD +
 (NC Bar No. 45396)
GRAHAM PROVOST +
 (DC Bar No. 1780222)
PUBLIC RIGHTS PROJECT
490 43rd Street, Unit #115
Oakland, CA 94609
(510) 738-6788
toby@publicrightsproject.org
cassandra@publicrightsproject.org
graham@publicrightsproject.org

109 Metropolitan Courthouse
P.O. Box 196300
Nashville, TN 37219
(615) 862-6341
wally.dietz@nashville.gov
john.whitaker@nashville.gov
abby.greer@nashville.gov

*Counsel for Plaintiff Metropolitan
Government of Nashville and Davidson
County*

+ Admitted *pro hac vice*
* Not admitted in the District of Columbia;
practicing under the supervision of members
of the D.C. Bar

*Counsel for Plaintiffs City of Boston, City of
Cambridge, Martin Luther King, Jr. County,
Metropolitan Government of Nashville and
Davidson County, City of Tucson*

DAVID J. HACKETT +
 (WA Bar No. 21236)
GENERAL COUNSEL, KING COUNTY
DEPARTMENT OF LOCAL SERVICES
CHRISTOPHER M. SANDERS +
 (WA Bar No. 47518)
GENERAL COUNSEL TO THE KING COUNTY
EXECUTIVE
CRISTY J. CRAIG +
 (WA Bar No. 27451)
SENIOR DEPUTY PROSECUTING ATTORNEY
OFFICE OF THE KING COUNTY PROSECUTING
ATTORNEY
401 5th Avenue, Suite 600
Seattle, WA 98104
(206) 477-1163
david.hackett@kingcounty.gov
chrsanders@kingcounty.gov
cristy.craig@kingcounty.gov

*Counsel for Plaintiff Martin Luther King, Jr.
County*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2026, I electronically filed the within document, and it is available for viewing and downloading from the Court's CM/ECF System, and that the participants in the case that are registered CM/ECF users will be served electronically by the CM/ECF system.

/s/ *Kristin Bateman*
Kristin Bateman