**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| NATIONAL ALLIANCE TO END HOMELESSNESS, *et al.*,<br><br>   *Plaintiffs,*<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*,<br><br>   *Defendants*. | Case No. 25-cv-636-MSM-AEM<br><br>**EXPEDITED TREATMENT REQUESTED** |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT AND REQUEST FOR EXPEDITED CONSIDERATION**

Plaintiffs respectfully request leave, under Federal Rule of Civil Procedure 15(d), to file the attached supplemental complaint to challenge (1) the Department of Housing and Urban Development's (HUD's) recently issued FY 2026 notice of funding opportunity (NOFO) for the Continuum of Care (CoC) program and (2) HUD's ongoing delays in making FY 2025 awards. The FY 2026 NOFO contains a host of unlawful provisions similar to ones in the FY 2025 NOFOs that Plaintiffs have already challenged in this case, and that this Court already preliminarily stayed. HUD again seeks to radically upend the CoC program, defund strategies Congress identified as effective, and unjustifiably withhold funding from existing projects— while also arbitrarily and capriciously pushing approaches that are unproven, ineffective, and harmful. If implemented, HUD's latest NOFO threatens to force nearly 100,000 people back into homelessness. At the same time, HUD is unlawfully delaying finalizing FY 2025 awards and is thereby leaving service providers without critical funding—in some instances forcing them to lay off staff, turn away or abruptly end assistance for formerly homeless individuals and families, or even entirely close critical programs. Plaintiffs seek leave to supplement their complaint to

1

address these problems. Defendants oppose this motion.[1]

Plaintiffs also respectfully request an order expediting briefing on this motion so that there is no undue delay in proceeding to the merits.[2] HUD has stated that it will announce FY 2026 awards under its new unlawful NOFO by December 1, 2026, and applications are due in late August. In addition, HUD's ongoing delays in finalizing FY 2025 awards are already leaving service providers without critical funding—and will only cause more harm as more and more existing grants expire as the year progresses. Expedited consideration of this motion is warranted so that the parties can proceed quickly to briefing the merits of Plaintiffs' claims—and the Court can forestall the impending harm. Plaintiffs respectfully request that the Court grant Defendants no more than seven days to respond to this motion.

## BACKGROUND

Plaintiffs brought this action in December 2025 to address HUD's unlawful actions in awarding FY 2025 funds for the CoC program—actions that included issuing a NOFO with radical new funding criteria that had no grounding in the authorizing statute or in reasoned decisionmaking, and that would have forced approximately 170,000 people out of their homes. Complaint (Dkt. No. 1). This Court preliminarily stayed HUD's FY 2025 NOFO and a slew of Challenged Conditions and preliminarily enjoined HUD from implementing them. Order at 2

---

[1] Defendants requested that Plaintiffs convey their position: "Defendants oppose Plaintiffs' motion to supplement their complaint; any claims related to FY25 awards are moot and any claims related to the FY26 Continuum of Care program are not viable, are insufficiently related to the existing claims, and would unduly delay the resolution of this litigation. Defendants intend to file a full opposition to Plaintiffs' request in due course."

[2] Defendants oppose that request as well and state: "Defendants oppose expedition. HUD has nearly completed the centralized obligation process for FY25 awards, meaning that any claims related to those awards are moot. And FY26 program applications are due by August 29 [sic], with awards to be made by early December 2026. No expedition is warranted."

(Dkt. No. 52).

To mitigate the chaos that HUD's actions had caused—and ensure continuity in funding needed to provide housing and other critical support to individuals and families facing homelessness—on February 3, 2026, Congress enacted a new law to ensure that FY 2025 funds would be awarded expeditiously. *See* Consolidated Appropriations Act, 2026, Pub. L. No. 119-75, div. D, tit. II, § 244, 140 Stat. 173, 422 (2026 Appropriations Act). HUD has acknowledged that, under this law, it will need to use FY 2025 funds to non-competitively renew all grants expiring in 2026. Defs.' Resp. to Pls.' Notice and Req. for Status Conference at 1-2 (Dkt. No. 85). Many of Plaintiffs' claims challenging the FY 2025 NOFO remain live, however, and Plaintiffs have sought a permanent injunction barring Defendants from reimposing the FY 2025 NOFO's Challenged Provisions in the future. *See* Notice Regarding Pls.' Pending Mot. for S.J. at 2-3 (Dkt. No. 89). The parties completed briefing on cross-motions for summary judgment in February 2026, and those motions remain pending.

On June 1, 2026, HUD issued a new NOFO for FY 2026 CoC funding. *Continuum of Care Program*, HUD, https://perma.cc/PWH7-PPWW. The new NOFO contains multiple provisions that are similar to the FY 2025 provisions that this Court preliminarily stayed, as well as some new provisions that should be set aside as well.

Meanwhile, HUD is also unjustifiably delaying making the renewal awards that the 2026 Appropriations Act mandates. Plaintiffs repeatedly raised their concerns with Defendants in an attempt to resolve the issue without involving the Court. When those efforts proved unsuccessful—and 2.5 months passed without HUD finalizing a single renewal award— Plaintiffs requested a status conference. Notice & Req. for Status Conference (Dkt No. 84). The Court held a conference on April 27 and ordered Defendants to begin producing weekly status

3

reports about its progress. *See* Min. Order (Apr. 27, 2026). HUD's initial status reports promised faster action.[3] Yet HUD has failed to deliver. For instance, despite representing on May 11 that HUD would issue all Q1 grant agreements "by the close of May 15, 2026," it still has not done so over a month later. Defs.' Status Report at 2 (May 11, 2026) (Dkt. No. 90); Defendants' Status Report at 2 (June 15, 2026) (Dkt. No. 96). And over 4.5 months after the Appropriations Act's enactment, HUD has finalized less than 30 percent of the FY 2025 renewal awards. Plaintiffs have carefully reviewed these reports and attempted to resolve outstanding questions and concerns without involving the Court, but those efforts regrettably have not ended HUD's unreasonable delays.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(d) provides that, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Courts "treat[] requests to supplement under Rule 15(d) liberally." *U.S. ex rel. Gadbois v. PharMerica Corp.*, 809 F.3d 1, 7 (1st Cir. 2015). A motion to supplement "should be freely granted" unless there has been "undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility." *Tavares v. Macomber*, No. 18-606, 2019 WL 2502933, at *2 (D.R.I. June 17, 2019) (quotations omitted).

---

[3] *See, e.g.*, Defs.' Status Report at 4-5 (May 4, 2026) (Dkt. No. 88) (representing that HUD would "begin finalizing" Q1 grant agreements that week; that HUD would take certain steps to "expedite the award process" for Q2 grants; and that HUD was "now better suited to expeditiously completing the review and award process for Q3 and Q4 awards"); Defendants' Status Report at 5 (May 11, 2026) (Dkt. No. 90) (reporting some modest progress on Q1 agreements and estimating that remaining awards would come out faster because the process was moving at a "faster-than-expected pace").

## ARGUMENT

**I.    The Court should grant Plaintiffs leave to supplement their complaint**

Plaintiffs readily satisfy the standard for obtaining leave to supplement their complaint. Plaintiffs have not unduly delayed bringing this challenge. They are filing it just three weeks after HUD issued the new FY 2026 NOFO. As for HUD's delays in making FY 2025 renewals, Plaintiffs have continually communicated with Defendants about their progress in making the renewals that the 2026 Appropriations Act requires and are filing this motion upon it becoming clear that HUD will continue to unreasonably delay absent court intervention. Plaintiffs, moreover, have not acted in bad faith or engaged in dilatory tactics.

Nor will Defendants face any undue prejudice from a supplemental complaint, which will require them to do nothing more than defend against Plaintiffs' claim on the merits. While Defendants claim that Plaintiffs' challenges to the FY 2026 NOFO are "insufficiently related to the existing claims," the claims closely resemble the existing claims in the case and challenge largely similar provisions.

Finally, supplementation would not be futile. A proposed supplemental complaint is considered futile only if it "would fail to state a claim upon which relief could be granted." *See Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996). Plaintiffs' proposed supplemental complaint easily satisfies the pleading standard. Even if Defendants were to contend that Plaintiffs' new challenges fail to state a claim, leave to supplement should still be granted where, as here, "there is nothing clearly frivolous or obviously defective in the proposed [] complaint." *Tissue Prods. Tech. Corp. v. Factory Mut. Ins. Co.*, No. 07-C-771, 2008 WL 11345876, at *1 (E.D. Wis. Aug. 21, 2008). Any such contention by Defendants could and should instead be addressed in the context of a dispositive motion. *See id.* (explaining that "[t]he futility defense to a motion to amend is not, in short, a substitute for a motion to dismiss or a

motion for summary judgment").

## II.    The Court should expedite briefing and consideration of this motion

Expedited consideration of this motion is also warranted. In particular, Plaintiffs respectfully request that the Court shorten Defendants' time to respond to this motion to no more than seven days. This is a simple motion, with a generous standard of review, that does not warrant the standard 14-day period to file an opposition. And following the standard schedule will needlessly delay proceeding to briefing the merits. Applications to the FY 2026 NOFO are due on August 26, and HUD must make awards by December 1. The parties should proceed promptly to merits briefing to enable the Court to rule before those dates.

As for Defendants' ongoing delays in finalizing FY 2025 awards, Defendants' sole objection is that HUD has "nearly completed the centralized obligation process" and that Plaintiffs' claims therefore "are moot." Whatever has happened in the "centralized obligation process," Defendants still have not actually sent out grant agreements—meaning grantees cannot actually access the funding that Congress guaranteed them. Plaintiffs' claims are not moot. And, besides, Defendants' can raise any mootness defense in briefing the merits; their plea of mootness is no reason to delay proceeding to that merits briefing.

## CONCLUSION

The Court should expedited briefing on this motion and grant Plaintiffs leave to supplement their complaint.

June 22, 2026                                         Respectfully submitted,

Amy R. Romero                                        /s/ Kristin Bateman
  (RI Bar No. 8262)                                  Kristin Bateman +
Kevin Love Hubbard +                                   (DC Bar No. 90037068)
  (MA Bar No. 704772)                                Madeline H. Gitomer +
DeLuca, Weizenbaum,                                    (DC Bar No. 1023447)
  Barry & Revens, Ltd.

6

199 North Main Street
Providence, RI 02903
(401) 453-1500
amy@dwbrlaw.com
kevin@dwbrlaw.com
Cooperating counsel,
 Lawyers' Committee for RI

*Counsel for All Plaintiffs*

Tony LoPresti +
  (CA Bar No. 289269)
County Counsel
Kavita Narayan +
  (CA Bar No. 264191)
Chief Assistant County Counsel
Meredith A. Johnson +
  (CA Bar No. 291018)
Lead Deputy County Counsel
Stefanie Wilson +
  (CA Bar No. 314899)
Deputy County Counsel
Leily Arzy +
  (CA Bar No. 364187)
Litigation Fellow
70 West Hedding Street, East Wing
Ninth Floor
San José, CA 95110-1770
(408) 299-5900
meredith.johnson@cco.sccgov.org
stefanie.wilson@cco.sccgov.org
leily.arzy@cco.sccgov.org

*Counsel for Plaintiff County of
Santa Clara*

Toby Merrill +
 (MA Bar No. 601071)
Cassandra Crawford +
 (NC Bar No. 45396)
Graham Provost +
 (DC Bar No. 1780222)

Aman T. George +
 (DC Bar No. 1028446)
Simon C. Brewer +
 (DC Bar No. 90042403)
Christine L. Coogle +
 (DC Bar No. 1738913)
Carrie Y. Flaxman +
 (DC Bar No. 458681)
Robin Thurston +
 (DC Bar No. 1531399)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kbateman@democracyforward.org
mgitomer@democracyforward.org
ageorge@democracyforward.org
sbrewer@democracyforward.org
ccoogle@democracyforward.org
cflaxman@democracyforward.org
rthurston@democracyforward.org

*Counsel for Plaintiffs National Alliance to
End Homelessness, National Low Income
Housing Coalition, Crossroads RI, and Youth
Pride, Inc.*

Lynette Labinger
 (RI Bar No. 1645)
128 Dorrance Street, Box 710
Providence, RI 02903
(401) 465-9565
ll@labingerlaw.com
Cooperating counsel, ACLU Foundation
 of RI

*Counsel for Plaintiffs National Alliance to
End Homelessness, National Low Income
Housing Coalition, Crossroads RI, and Youth
Pride, Inc.*

7

Kayla Svihovec +
 (DC Bar No. 1735588)
Public Rights Project
490 43rd Street, Unit #115
Oakland, CA 94609
(510) 738-6788
Toby.Merrill@publicrightsproject.org
Cassandra.Crawford@publicrightsproject.org
Graham.Provost@publicrightsproject.org

*Counsel for Plaintiffs City of Boston, City of Cambridge, Martin Luther King, Jr. County, Metropolitan Government of Nashville and Davidson County, City of Tucson*

Wallace W. Dietz +
 (TN BPR No. 009949)
Director of Law
John K. Whitaker +
 (TN BPR No. 039207)
Senior Counsel
Abby Greer +
 (TN BPR No. 041470)
Assistant Metropolitan Attorney
109 Metropolitan Courthouse
P.O. Box 196300
Nashville, TN 37219
(615) 862-6341
wally.dietz@nashville.gov
john.whitaker@nashville.gov
abby.greer@nashville.gov

*Counsel for Plaintiff Metropolitan Government of Nashville and Davidson County*

+ Admitted *pro hac vice*
* Not admitted in the District of Columbia; practicing under the supervision of members of the D.C. Bar

Antonia K. Fasanelli +
 (DC Bar No. 481856)
Kathryn M. Scott +
 (WA Bar No. 38978)*
National Homelessness Law Center
1400 16th Street, NW, Suite 425
Washington, DC 20036
(202) 638-2535
afasanelli@homelesslaw.org
kmeyerscott@homelesslaw.org

*Counsel for Plaintiffs National Alliance to End Homelessness and National Low Income Housing Coalition*

David J. Hackett +
 (WA Bar No. 21236)
General Counsel, King County Department of Local Services
Christopher M. Sanders +
 (WA Bar No. 47518)
General Counsel to the King County Executive
Cristy J. Craig +
 (WA Bar No. 27451)
Senior Deputy Prosecuting Attorney
Office of the King County Prosecuting Attorney
401 5th Avenue, Suite 600
Seattle, WA 98104
(206) 477-1163
david.hackett@kingcounty.gov
chrsanders@kingcounty.gov
cristy.craig@kingcounty.gov

*Counsel for Plaintiff Martin Luther King, Jr. County*

8

**CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2026, I electronically filed the within memorandum and it is available for viewing and downloading from the Court's CM/ECF System, and that the participants in the case that are registered CM/ECF users will be served electronically by the CM/ECF system.

/s/ Kristin Bateman
Kristin Bateman